UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESSUH SUHYES HUSSEY,

                            Plaintiff,

                -against-

JOHN GIANNONE; SHTA STAFF KIZER;
SHTA STAFF LORA,

                            Defendants.

23-CV-4339 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently detained in the Otis Bantum Correctional Center on Rikers

Island, brings this action under 42 U.S.C. § 1983.[1] Named as Defendants are John Giannone, a

doctor at Kirby Forensic Psychiatric Center ("Kirby");[2] and Kirby SHTA staff members Kizer

and Lora.[3] Plaintiff originally filed this action in the United States District Court for the Eastern

District of New York. *See Hussey v. Giannone*, No. 23-CV-2167 (PKC) (LB) (E.D.N.Y. May 16,

2023). This case is one of 60 cases Plaintiff filed in the Eastern District in recent months,

including 43 cases filed on the same day. On May 16, 2023, the Eastern District transferred this

action to this court. (ECF 5.) By order dated August 21, 2023, the Court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[4] For the

---

        [1] Plaintiff was detained in the Anna M. Kross Center on Rikers Island at the time he filed
this action.

        [2] Kirby Forensic Psychiatric Center is a state-operated maximum security forensic
psychiatric center located in Manhattan. *See* https://omh.ny.gov/omhweb/facilities/krpc/ (last
visited Aug. 18, 2023).

        [3] The Court understands "SHTA" to stand for Security Hospital Treatment Assistant.

        [4] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). Plaintiff did not submit a
prisoner authorization with the complaint. By order dated May 31, 2023, the Court directed

reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 60 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

---

Plaintiff to either pay the $402.00 in fees or submit a prisoner authorization. (ECF 7.) The Court received Plaintiff's prisoner authorization on July 18, 2023.

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff states that events giving rise to his claims occurred at Kirby Forensic Psychiatric Center on August 2, 2022, October 7, 2022, and September 12, 2022. He alleges that, on those dates, he was "wrongful[ly] drugg[ed] & overdose[d] . . . even though [he] was sane, well behave[d] & productive at all times." (ECF 1, at 4.)[5] Dr. Giannone "ordered 3 injections" that caused Plaintiff to experience heart burn and headaches, and to "pass[] out." (*Id.*)

Plaintiff further alleges that these incidents were "[a]ll due to racial profiling, defamation of character & lies from SHTA staff & Doctor Schneider. They threatened my authority & autonomy & free will & movement & maturity." (*Id.*) He also alleges that he "was sexually harassed by Lora & unlawfully restrained & physically attacked by Kizer." (*Id.*)

Plaintiff further alleges, with respect to what appears to be an unrelated incident, "I received a $165.00 bill from the Bronx Health Care System for Covid testing that I believe to be exploitative because the test and blood works were mandatory & I am not working." (*Id.*)

Plaintiff seeks money damages.

---

[5] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

**DISCUSSION**

Plaintiff brings his claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.     Forced Medication**

The Court construes Plaintiff's allegations that he was "wrongful[ly] drugg[ed]" as asserting a claim that he was forcibly medicated in violation of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment protects an individual's "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs." *Washington v. Harper*, 494 U.S. 210, 221-222 (1990); *see, Kulak v. City of N.Y.*, 88 F.3d 63, 74 (2d Cir.1996) ("It is a firmly established principle of the common law of New York that every individual of adult years and sound mind has a right to determine what shall be done with his own body and to control the course of his medical treatment." (quotations omitted)). Forcibly medicating a patient is unconstitutional "absent a finding of overriding justification and a determination of medical appropriateness" by a medical professional. *Riggins v. Nevada*, 504 U.S. 127, 135 (1992); *see Harper*, 494 U.S. at 231. The Second Circuit has held that the New York State statutory scheme governing involuntary medication meets "the minimum facial requirements of due process – both substantive and procedural." *Project Release v. Prevost*, 722 F.2d 960, 971 (2d Cir. 1983).

To state a Section 1983 claim arising from the forced administration of medication, a plaintiff must allege facts showing that he refused the medication before it was administered, *see, e.g.*, *Ambrose v. Dell*, No. 12-CV-6721, 2016 WL 894456, at *3 (S.D.N.Y. Mar. 8, 2016), and that the medicine was administered without court authorization or in the absence of an

emergency situation, as required by New York State law. *See, e.g.*, *Spencer v. Bellevue Hosp.*, No. 11-CV-7149, 2012 WL 1267886, at *8 (S.D.N.Y. Apr. 12, 2012).

In an emergency, where a failure to medicate would result in a substantial likelihood of physical harm to that patient, other patients, or staff members of the institution, a patient's liberty interest can be overridden. *Kulak v. City of N.Y.*, 88 F.3d 63, 74 (2d Cir. 1996) ("Such a right may be set aside only in narrow circumstances, including those where the patient 'presents a danger to himself or other members of society or engages in dangerous or potentially destructive conduct within the institution.'" (citation omitted)). Moreover, a doctor "will not be liable under § 1983 for the treatment decisions he makes unless such decisions are 'such a substantial departure from accepted judgment, practice, or standards as to demonstrate that he actually did not base the decision on such a judgment.'" *Kulak*, 88 F.3d at 75 (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)).

Here, Plaintiff's allegations are not sufficient to state a claim that he was medicated without due process. He alleges that Dr. Giannone "wrongful[ly] drugged" him based on "racial profiling" and "defamation of character & lies" from hospital staff and another doctor. However, Plaintiff provides no factual context for his claims. For example, he does not state why he was at Kirby, what events occurred leading up to his being medicated, what medication he was administered, whether he refused the medication, or whether a court ordered that he be medicated. Nor does Plaintiff allege sufficient facts suggesting that he was not ordered to be medicated in the context of an emergency. He states that he was "sane, well behave[d] & productive," but he alleges no specific facts in support of these assertions. Plaintiff also maintains that he was medicated because of "racial profiling," defamation, and because he "represented intelligence & maturity." (ECF 1, at 4.) He alleges, however, no facts explaining

how he was racially profiled by Defendants or how any such profiling resulted in his being medicated. Nor does he allege facts explaining why his "intelligence [and] maturity" would be a reason for Dr. Giannone to medicate him against his will. The Court therefore dismisses Plaintiff's due process claims for forcible medication for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff 60 days' leave to replead his claims that he was forcibly medicated in an amended complaint that addresses the issues outlined above.

## B.    Claims against Lora and Kizer

Plaintiff alleges that Lora "sexually har[]rassed" him and Kizer "restrained & physically attacked" him. (ECF 1, at 4.) He provides no factual context for these claims, and he alleges no details regarding the alleged harassment and attack. Plaintiff's allegations, even when afforded the solicitude due to *pro se* submissions, do not provide sufficient factual detail to plausibly suggest that any defendant violated his federally protected rights. The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 60 days' leave to replead his claims against these defendants in an amended complaint providing appropriate factual detail.

## C.    Claims under State Law

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal

claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 173 (1997))).

**D.      Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid Section 1983 claim that he was medicated against his will or that

Lora and Kizer violated his federal civil rights, the Court grants Plaintiff 60 days' leave to file an

amended complaint to detail his claims.

Plaintiff must name as the defendant(s) in the caption[6] and in the statement of claim those

individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does

---

[6] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[7] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[7] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 60 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-4339 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff

fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order.

Copies of the NYLAG Clinic's flyer, retainer, and intake form are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 28, 2023
         New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

                              **AMENDED
                              COMPLAINT**

                              under the Civil Rights Act,
                              42 U.S.C. § 1983

                    -against-

_____
_____
_____      Jury Trial:  ☐ Yes    ☐ No
_____                    (check one)
_____
_____      ___ **Civ.** _____ (    )
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of
       confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
       as necessary.

Plaintiff's      Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant
       may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
       above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____
                      Where Currently Employed _____
                      Address _____
                      _____

*Rev. 01/2010*                                    1

Defendant  No. 2        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black; display:inline-block; padding:4px;"><strong>Who did<br>what?</strong></div>

Defendant  No. 4        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.        Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.        In what institution did the events giving rise to your claim(s) occur?

_____
_____

B.        Where in the institution did the events giving rise to your claim(s) occur?

_____

C.        What date and approximate time did the events giving rise to your claim(s) occur?

_____
_____
_____

D.        Facts:_____

<div style="border:1px solid black; display:inline-block; padding:4px;"><strong>What<br>happened<br>to you?</strong></div>

_____
_____
_____
_____

*Rev. 01/2010*                                    2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

      Yes _____     No _____     Do Not Know _____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

      Yes _____     No _____     Do Not Know _____

      If YES, which claim(s)?
      _____

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

      Yes _____     No _____

      If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

      Yes _____     No _____

E.     If you did file a grievance, about the events described in this complaint, where did you file the grievance?
      _____

      1.     Which claim(s) in this complaint did you grieve?
        _____

        _____

      2.     What was the result, if any?
        _____

        _____

      3.     What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
      _____
      _____
      _____
      _____

F.     If you did not file a grievance:

      1.     If there are any reasons why you did not file a grievance, state them here:
        _____
        _____
        _____

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.    Previous lawsuits:**

<div style="border:1px solid">
On
these
claims
</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="border:1px solid">
On
other
claims
</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____
        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                          Signature of Plaintiff     _____

                          Inmate Number              _____

                          Institution Address        _____

                                                     _____

                                                     _____

                                                     _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


                          Signature of Plaintiff:   _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

# NYLAG
### New York Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE SOUTHERN DISTRICT OF NEW YORK

### LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II.   FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time. NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____          _____
Signature                                                          Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

**NYLAG**
New York | Legal Assistance Group

Revised 10/30/22

**Name** _____     **Date of Birth** _____

**Facility** _____

**Identification #** _____     **Email (if available)** _____

<u>**How did you hear about our clinic? (Circle One)**</u>

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |
| Other _____ | | |

<u>**Ethnicity (Circle One)**</u>

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

<u>**Education Level (Circle One)**</u>

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

<u>**Gender:**</u> _____

<u>**SDNY Case Number:**</u> _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**